UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JULIE FETZNER**<br><br>                                    Plaintiff,<br><br>   -vs-<br><br>**PENTAGROUP FINANCIAL, LLC,**<br><br>                                    Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Julie Fetzner brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Electronic Fund Transfers Act ("EFTA"), laws enacted with the goal of protecting consumers.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Julie Fetzner is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Pentagroup Financial, LLC, (hereinafter "Pentagroup") is a foreign limited liability company organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That Plaintiff Julie Fetzner allegedly incurred and later defaulted on a debt to "Aurora Bank." Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, the subject debt account was purchased by CACH, LLC, a company who later retained the services of Defendant Pentagroup to attempt to collect payment on the subject debt.

11. That during the course of its collection efforts, Defendant Pentagroup called and spoke with Plaintiff Julie Fetzner's mother, Sue Fetzner, on several occasions. During the course of those several telephone calls, Defendant:

    a. Disclosed to Sue Fetzner that Defendant was attempting to collect a debt owed by Plaintiff Julie Fetzner;
    b. Requested Plaintiff Julie Fetzner's "attorney information" because Defendant was going to "sue [her]";
    c. Disclosed information regarding the subject debt to Sue Fetzner, including among other things a "balance" allegedly owed, a "charge-off" amount and "settlement" amount;
    d. Demanded and otherwise attempted to solicit payment of the subject debt from Sue Fetzner;
    e. Told Sue Fetzner that she "need[ed]" to pay the subject debt because she was Plaintiff's mother;
    f. Routinely hung up the telephone on Sue Fetzner; and
    g. Told Sue Fetzner that she was committing a "federal offense" by asking Defendant a question regarding the subject debt.

12. That all of the aforementioned unauthorized disclosures and false statements were ultimately communicated to Plaintiff Fetzner via her mother.

13. That during the course of its collection efforts, Pentagroup also called Plaintiff Julie Fetzner's grandmother in Florida and disclosed to her that they were attempting to collect the subject debt from Plaintiff. It is believed that said call was made to harass Plaintiff, since it took place after Defendant had already verified Plaintiff's contact information and had communicated with Plaintiff directly.

14. That during one communication with Defendant, Plaintiff Julie Fetzner felt pressured into agreeing to a settlement and consented to having money withdrawn from her bank account. No written authorization was obtained from Plaintiff, rather only oral consent.

15. That prior to the date of the scheduled withdrawal, Plaintiff contacted Defendant and withdrew her oral consent to have money withdrawn from her bank account. Despite her withdrawal of consent, Defendant Pentagroup made repeated subsequent unauthorized attempts to withdraw money from Plaintiff's bank account, finally leaving her with no choice but to close her bank account altogether.

16. That as a result of Defendant's unfair, deceptive and abusive conduct, Plaintiff became embarrassed, frightened, worried, upset and otherwise suffered from emotional distress.

### CAUSE OF ACTION
[FDCPA]

17. The aforementioned acts and omissions of Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), including, though not limited to, the following:

18. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692f by repeatedly communicating with Sue Fetzner regarding the subject debt allegedly owed by Plaintiff Julie Fetzner and by failing to limit the content of their communications to obtaining location information for Plaintiff Julie Fetzner.

19. Defendant violated 15 U.S.C. §1692c(a)(3) by communicating with Sue Fetzner in connection with the collection of the subject debt.

20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(2) by using language the natural consequence of which was to abuse Plaintiff Julie Fetzner by (among other things) informing her, via their communications with her mother, that Defendant wanted Plaintiff Julie Fetzner's "attorney information" because Defendant was going to "sue [her]."

21. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false, deceptive and/or misleading representations and means in an attempt to collect the subject debt by informing Plaintiff Julie Fetzner, via Defendant's communications with Sue Fetzner, that Defendant wanted Plaintiff Julie Fetzner's "attorney information" because Defendant was going to "sue [her]."

22. That as a result of Defendant's conduct, Plaintiff suffered from emotional distress.

## CAUSE OF ACTION
[EFTA]

23. The aforementioned acts and omissions of Defendant have violated the Electronic Funds Transfer Act (15 U.S.C. §1693 et seq.), including, though not limited to, the following:

24. Defendant violated 15 U.S.C. §1693e(a) by failing to obtain written authorization from Plaintiff Fetzner to make an electronic fund transfer from her bank account and by thereafter failing to provide a copy of said written authorization to Plaintiff.

25. Defendant violated 15 U.S.C. §1693e(a) by making repeated unauthorized attempts to withdraw money from Plaintiff's bank account despite the fact that Plaintiff provided oral notice of her withdrawal of consent.

26. That as a result of Defendant's conduct, Plaintiff was forced to close her bank account and suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Julie Fetzner respectfully requests that this honorable Court enter judgment against Defendant Pentagroup Financial, LLC for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and 15 U.S.C. §1693m(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692m(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. §1693m(a)(3); and

(f) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: June 23, 2011

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham & Borgese, P.C.
*Attorneys for the Plaintiff*
482 Delaware Ave.
Buffalo, New York 14202
fborgese@grahamlawpc.com
716.200.1520